EXHIBIT 1 –

STATE COURT DOCUMENTS

 

DISTRICT COURT
**F I L E D**

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
OCT 3 0 2014
STATE OF OKLAHOMA

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

AMANDA GIBSON, an individual,       )
                                    )
Plaintiff,                          )        REBECCA NIGHTINGALE
                                    )
vs.                                 )     **CJ-2014-04134**
                                    )
CITIZENS SECURITY BANK & TRUST      )     *ATTORNEY LIEN CLAIMED*
COMPANY, a Domestic corporation,    )
                                    )     *JURY TRIAL DEMANDED*
                                    )
Defendant.                          )
                                    )

## PETITION

COMES NOW Amanda Gibson, Plaintiff in the above-entitled action, by and through her attorneys of record, Richardson Richardson Boudreaux, and for her petition for her causes of action against Defendant Citizens Security Bank & Trust Company, Plaintiff offers the following:

### JURISDICTION, PARTIES & VENUE

1.     Plaintiff Amanda Gibson ("Plaintiff") at all times relevant to the claims alleged herein, was an individual residing in the City of Broken Arrow, Tulsa County, State of Oklahoma, and is a current resident of the State of Oklahoma.

2.     Upon information and belief, Defendant Citizens Security Bank & Trust Company ("Defendant") at all times relevant to the claims alleged herein was and is an employer affecting commerce with fifteen (15) or more employees as defined under 42 U.S.C.A. § 2000e(f), and has its principle place of business in the City of Bixby, Tulsa County, Oklahoma.

1

3.    The actions that give rise to this litigation arose in Tulsa County, State of Oklahoma.

4.    Jurisdiction is proper in the State of Oklahoma, as the parties are residents of or do business in the State of Oklahoma and the amount in controversy exceeds $75,000.

5.    Venue is proper in the Tulsa County District Court pursuant to OKLA. STAT. TIT. 12, § 134, which sets venue against a corporation created by the laws of this state "[i]n the county in which it is situated, or has its principal office or place of business" or "in the county where the cause of action or some part thereof arose."

6.    Pursuant to Okla. Const. Art. 7, § 7 and 12 O.S. § 2004(F), this Court has subject matter jurisdiction over the claims asserted herein.

## STATEMENT OF OPERATIVE FACTS

7.    Plaintiff incorporates paragraphs 1 through 6 as though stated below verbatim.

8.    Plaintiff was, at all times relevant to allegations contained herein, an employee of Defendant within the meaning of 42 U.S.C.A. § 2000e(f) (West 2012), working as the bank manager for Defendant's Broken Arrow location, located at 3601 W. Kenosha in the City of Broken Arrow, and additionally, Plaintiff was a member of a legally recognized protected class, i.e. pregnant female.

9.    Defendant, at all times relevant to the claims alleged herein, was and is an employer within the meaning of 42 U.S.C.A. § 2000e(f) (West 2012), which, upon information and belief, employs more than 15 employees.

10.    Plaintiff began her employment with Defendant in April of 2013, in that Defendant hired her to the branch manager position at the Broken Arrow location.

2

11.     On July 16, 2013, Plaintiff met with Valerie Land ("Valerie") for her ninety (90) day review wherein she received no improvement recommendations and she was acknowledged for being flexible and adaptable.

12.     In October of 2013, Plaintiff was presented with the opportunity to develop a sales program for Defendant's Broken Arrow branch, which would eventually be adapted by Defendant's entire company.

13.     On January 7, 2014, Plaintiff again met with Valerie, this time for her annual review.

14.     At her annual review, Plaintiff received only "satisfactory" and "above satisfactory" ratings, with five (5) "satisfactory" ratings, eighteen (18) "above satisfactory" ratings and no "needs improvement" ratings, she was given a raise in her annual salary, and she received a year-end bonus for Defendant's Broken Arrow Branch's performance.

15.     In Plaintiff's written Annual Performance Review, Plaintiff was described as a "valuable employee" who "desires to positively contribute to the overall mission and success of the Bank and supports and believes in the Core Values and Mission Statement."

16.     On March 20, 2014, Valerie gave Plaintiff a monetary award for loss prevention.

17.     On March 25, 2014, Plaintiff informed Defendant's Human Resources department that she was pregnant, with an expected delivery date of September 21, 2014, and she requested paperwork on the Family Medical Leave Act.

18.     Three days later, on March 28, 2014, Valerie gave Plaintiff her first Counseling Statement, i.e. disciplinary write-up, and Plaintiff was placed on a written Performance Improvement Plan ("PIP") that required weekly meetings with Valerie to review Plaintiff's progress with the PIP.

3

19.     Despite just receiving "above satisfactory" ratings on her conduct and performance in the area of management and leadership, on her conduct and performance in the area of customer relationships, on her conduct and performance in the area of motivation and drive, and on her conduct and performance in the area of profit awareness and cost consciousness, Plaintiff received a Counseling Statement for an alleged "lack of initiative and branch staff leadership."

20.     According to the PIP provided to Plaintiff, Plaintiff had a checkpoint date of April 7, 2014, and a completion date of April 30, 2014.

21.     On April 1, 2014, Plaintiff attended her first weekly PIP meeting with Valerie.

22.     During the April 1, 2014, meeting, after Plaintiff described the work she had done, Valerie proclaimed that her work "all looks great", she stated that she was very impressed and she praised Plaintiff for her work.

23.     The very next day, less than a week after Plaintiff notified Defendant of her pregnancy, Valerie informed Plaintiff that she was going to have to let her go because she didn't feel like Plaintiff was committed to Defendant's Broken Arrow branch.

24.     Plaintiff timely reported this matter to the Oklahoma City office of the Equal Employment Opportunity Commission ("EEOC") by filing a "Charge of Discrimination," which alleged discrimination against Plaintiff by Defendant based upon sex (pregnancy), on or about April 18, 2014.

25.     On September 24, 2014, the EEOC issued to Plaintiff a "Dismissal and Notice of Rights," otherwise known as a "Right to Sue Letter," meaning that this action is being timely filed within ninety (90) days of said "Right to Sue Letter."

4

### FIRST CAUSE OF ACTION
### UNLAWFUL DISCRIMINATION (SEX/PREGNANCY)
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C.A. § 2000e-2(a)(1)

26.     Plaintiff incorporates paragraphs 1 through 22 as though stated below verbatim.

27.     Plaintiff was an employee of Defendant and was part of a recognized protected class, i.e. a pregnant female.

28.     Plaintiff was discharged by Defendant less than a week after she informed Defendant's Human Resources department that she was pregnant.

29.     Despite receiving only "above satisfactory" ratings on her conduct and performance in the area of management and leadership, and despite receiving only "above satisfactory" and "satisfactory" ratings on her conduct and performance in the area of job related skills and characteristics, Plaintiff was informed that she was discharged because she was allegedly not committed to Defendant's Broken Arrow branch.

30.     Plaintiff was subjected to an adverse employment action, discharge/termination, which was motivated by Plaintiff's protected status as a pregnant female.

31.     As a result of the actions constituting discrimination against Plaintiff, which were based on the protected status of "sex," the rights of Plaintiff under 42 U.S.C.A. § 2000e-2(a)(1) were violated, causing Plaintiff injury.

### SECOND CAUSE OF ACTION
### WRONGFUL DISCHARGE
### OKLAHOMA COMMON LAW

32.     Plaintiff incorporates paragraphs 1 through 31 as though stated below verbatim.

33.     Plaintiff and Defendant had entered into an at-will employment relationship.

5

34.     At the time of her employment and discharge/termination, Plaintiff was a member of a protected class in that she was a pregnant female.

35.     Plaintiff was discharged/terminated from her employment with Defendant, and a significant factor for said discharge/termination was Plaintiff's pregnancy.

36.     Said discharge/termination was effected in contravention of a compelling public policy articulated under 25 O.S. § 1302.

37.     As a direct and proximate result of the unlawful discharge/termination, Plaintiff suffered injury.

## PUNITIVE AND EXEMPLARY DAMAGES

38.     Plaintiff incorporates paragraphs 1 through 37 as though stated below verbatim.

39.     The acts and omissions by Defendant, as set forth in the preceding paragraphs, demonstrate that Defendants were engaged in conduct and/or discriminatory practices evincing malice or reckless indifference to Plaintiff's federally protected rights.

40.     As a direct result of Defendant's malice and/or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendant and sufficient to deter others similarly situated from like behavior.

## PRAYER

**WHEREFORE,** Plaintiff Amanda Gibson respectfully requests that this Court enter judgment against Defendant and for an award of compensatory damages in an amount in excess of the statutory threshold for diversity jurisdiction under 28 U.S.C.A. § 1332.   Plaintiff further requests this Court grant Plaintiff any and all pre-judgment and post-judgment interest on any award of judgment at the current statutorily allowed rate until paid.   Finally, Plaintiff requests

this Court grant her the expenses and attorney fees properly related to this action, along with all other relief this Court deems just and proper.

Respectfully submitted,

RICHARDSON RICHARDSON BOUDREAUX

Gary L. Richardson, OBA No. 7547
Charles L. Richardson, OBA No. 13388
Melissa A. East, OBA No. 21695
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 492-7674 *Tel*
(918) 493-1925 *Fax*
*Attorneys for Plaintiff*

**ATTORNEY LIEN CLAIMED**

**JURY TRIAL DEMANDED**

7

AMANDA GIBSON, an individual,  )

    Plaintiff,  )

vs.  )

**CITIZENS SECURITY BANK & TRUST**  )
**COMPANY, a Domestic corporation,**  )

    Defendant.  )

Case No. **CJ-2014-04134**

*ATTORNEY LIEN CLAIMED*

*JURY TRIAL DEMANDED* DISTRICT COURT

**F I L E D**

DEC 16 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## ORIGINAL SUMMONS

To the above-named Defendant:    **Citizens Security Bank & Trust Company**

Attn: W. Carlisle Mabrey, III
14821 South Memorial Drive
Bixby, Oklahoma 74008

      You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the court at the above address within **twenty (20) days** after service of this Summons upon you exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the Attorney for the Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

      Issued this _30_ day of _10_ _____ 2014.

                          SALLY HOWE SMITH, Court Clerk

                By _____

                     Deputy Court Clerk

(Seal)

This Summons and order was served on _____.
                              (date of service)

                         _____
                         Signature of person serving summons

*YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMITED STATED IN THIS SUMMONS.*

**Return ORIGINAL for filing.**

IN THE DISTRICT COURT IN AND FOR **TULSA** COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| AMANDA GIBSON, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE  CJ-2014-04134 |
| | ) | |
| CITIZENS SECURITY BANK & TRUST | ) | |
| COMPANY, a Domestic Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT AND RETURN OF SERVICE BY CERTIFIED MAIL

| | |
|---|---|
| STATE OF OKLAHOMA | ) |
| | )ss. |
| COUNTY OF TULSA | ) |

I, **Melissa A. East**, of lawful age, being first duly sworn, on oath state that on the 12th of December 2014, I served via Certified Mail, Return Receipt Requested, Receipt Number 7014 0510 0001 5376 9827, from the City of Tulsa, Oklahoma, the attached *Summons* and *Petition* in the above-entitled and numbered action to the following persons to-wit:

> **Citizen Security Bank & Trust Company**
> **Attn: W. Carlisle Mabrey, III**
> **14821 S. Memorial Drive**
> **Bixby, Oklahoma 74008**

FURTHER AFFIANT SAYETH NOT.



**MELISSA A. EAST, OBA #21695**

Subscribed and sworn to before me this 16th day of December, 2014.

Notary: _____, Linda G. Large

My Commission Expires: November 1, 2016
---SEAL---

LINDA G. LARGE
Notary Public in and for
State of Oklahoma
TULSA COUNTY
#00017288

■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

X _Indu South_ ☐ Agent
                ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

1. Article Addressed to:

Citizens Security Bank & Trust
        Company
Attn: W. Carlisle Mabrey III
14821 S Memorial Drive
Bixby, OK 74008

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☒ No

3. Service Type
   ☒ Certified Mail®        ☐ Priority Mail Express™
   ☐ Registered             ☒ Return Receipt for Merchandise
   ☐ Insured Mail           ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number    7014 0510 0001 5376 9827
   (Transfer from service label)

PS Form 3811, July 2013        Domestic Return Receipt

---

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sernia 12/9/14
Amanda Gibson

Sent To  Citizens Security Bank & Trust Co.
Street, Apt. No.; Attn: W. Carlisle Mabrey III
or PO Box No.
City, State, ZIP+4  14821 S Memorial Drive Bixby
                                              74008

7014 0510 0001 5376 9827

PS Form 3800, August 2006        See Reverse for Instructions